BARSHAY SANDERS, PLLC
Craig B. Sanders (Fla Bar 0985686)
100 Garden City Plaza, Suite 500
Garden City, NY 11530
Tel: (516) 203-7600
Email: csanders@barshaysanders.com
*Attorneys for Plaintiff*
File No.: 121735

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Rebecca Wolf,

    Plaintiff,

v.

Dennis DeYoung,

    Defendant.

_____/

Case No:

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

Plaintiff Rebecca Wolf ("*Plaintiff*"), by and through its undersigned counsel, for its Complaint against Defendant Dennis DeYoung ("*Defendant*") states and alleges as follows:

## INTRODUCTION

1. This action seeks to recover damages for copyright infringement.

2. Plaintiff herein creates photographic images and owns the rights to these images which Plaintiff licenses for various uses including online and print publications.

3. Plaintiff has obtained U.S. copyright registrations covering many of Plaintiff's images and many others are the subject of pending copyright applications.

4. Defendant, without permission or authorization from Plaintiff actively copied, stored, and/or displayed Plaintiff's Photograph on numerous websites and applications to promote and sell Defendant's album as well as to enhance Defendant's social media imaging and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

5. Plaintiff Rebecca Wolf is an individual who is a citizen of the State of Nebraska

and maintains a principal place of business 64 W. Main Street, Somerville, New Jersey.

6. On information and belief, Defendant Dennis DeYoung, is an individual who is a citizen of the State of Florida with a principal place of business and residence at 17613 Circle Pond Ct, Boca Raton in Palm beach County, Florida and is liable and responsible to Plaintiff based on the facts herein alleged.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

8. This Court has personal jurisdiction over DennisDeYoung because he maintains his principal place of business and residence in Florida.

9. Venue is proper under 28 U.S.C. §1391(a)(2) because Dennis DeYoung does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

10. Plaintiff is a professional photographer by trade who is the legal and rightful owners of photographs which Plaintiff licenses to online and print publications.

11. Plaintiff has invested significant time and money in building Plaintiff's photograph portfolio.

12. Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's photographs while many others are the subject of pending copyright applications.

13. Plaintiff's photographs are original, creative works in which Plaintiff's own protectable copyright interests.

14. On October 21, 2019, Plaintiff Rebecca Wolf authored a photograph of Dennis DeYoung (the "*Photograph*"). A copy of the Photograph is attached hereto as Exhibit 1.

15. Plaintiff applied to the USCO to register the Photograph on October 21, 2019 under Application No. 1-8362151566.

16. The Photograph was registered by USCO on October 21, 2019 under Registration No. VA 2-193-428.

17. On November 29, 2019, Plaintiff licensed the Photograph along with 6 other images to Babe, Inc., Defendant's production company, pursuant to a written invoice which provided

> "Payment shall be made for 7 hi-res photos of Dennis DeYoung and the band, to be included on the inside of Dennis DeYoung's next album. Price is $100 per photo, for a total of $700.
>
> Photos are to be used solely for this purpose and photo credit must be given as "Rebecca Wolf Photography". One copy of album must be provided upon album release."

A copy of the November 27, 2019 invoice (the "Invoice") is attached as Exhibit 3.

18. Despite the limited grant set forth in the Invoice, Plaintiff observed the Photograph appearing in a number of unlicensed usages.

19. Without permission or authorization from Plaintiff, Defendant volitionally selected, copied, stored and/or displayed Plaintiff copyright protected Photograph as set forth in Exhibit "1" which is annexed hereto and incorporated in its entirety herein, onto Amazon Prime for the promotion and sale of the East of Midnight Album, on FaceBook, on the www.dennisdeyoung.com website (hereinafter "Website"), and Youtube (hereinafter collectively "Usages").

20. On information and belief, the Photograph was copied, stored and displayed without license or permission, thereby infringing on Plaintiff's copyrights (hereinafter the "*Infringement*").

21. The Infringement includes a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than transitory duration and therefore constitutes a specific infringement. *17 U.S.C. §106(5); Perfect 10, Inc. v. Amazon.com, Inc.* 508 F.3d 1146, 1160 (9th Cir. 2007).

22. The Infringement is an exact copy of the entirety of Plaintiff's original image that was directly copied and stored by Defendant for each of the Usages.

23. On information and belief, Defendant takes an active and pervasive role in the content posted on its Website, including, but not limited to copying, posting, selecting, commenting on and/or displaying images including but not limited to Plaintiff's Photograph.

24. On information and belief, the Photograph was willfully and volitionally posted to the Website and other Usages by Defendant and/or Defendant's agents or employees.

25. On information and belief, Defendant is not registered with the United States Copyright Office pursuant to 17 U.S.C. §512.

26. On information and belief, the Infringement were not posted at the direction of a "user" as that term is defined in 17 U.S.C. §512(c).

27. On November 29, 2019, Tim Orchard, on behalf Defendant, contacted Plaintiff by email regarding the licensing of the Photograph "for other uses besides inside of CD booklet."

28. Plaintiff and Defendant were unable to arrive at a mutually agreeable price for the additional uses beyond the licensed usage of the Photograph for the inside of the CD booklet.

29. Having failed to procure a license for the Usages, Defendant was therefore well aware of facts or circumstances from which the determination regarding the Infringements was apparent. Defendant cannot claim that it was aware of the infringing activities, including the Infringements which form the basis of this complaint, since such a claim would amount to only willful blindness on the part of Defendant.

30. On information and belief, Defendant engaged in the Infringements knowingly and in violation of applicable United States Copyright Laws.

31. On information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Website and other Usages and exercised and/or had the right and ability to exercise such right.

32. On information and belief, Defendant monitors the content on its Website and

other Usages.

33. On information and belief, Defendant has received a financial benefit directly attributable to the Infringements.

34. On information and belief, the Infringements caused Defendant to realize an increase in its merchandise sales.

35. On information and belief, a large number of people have viewed the unlawful copies of the Photograph on the Usages.

36. On information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

37. Defendant's use of the Photograph, if widespread, would harm Plaintiff's potential market for the Photograph.

38. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

## FIRST COUNT
### (Direct Copyright Infringement, 17 U.S.C. §501 et seq.)

39. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

40. The Photograph is an original, creative works in which Plaintiff owns valid copyright properly registered with the United States Copyright Office.

41. Plaintiff has not licensed Defendant the right to use the Photograph in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyrights to Defendant.

42. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, stored, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

43. Defendant's reproduction of the Photograph and display of the Photograph on the Website constitutes willful copyright infringement. *Feist Publications, Inc. v. Rural Telephone Service Co., Inc.*, 499 U.S. 340, 361 (1991).

44. Plaintiff is informed and believes and thereon alleges that the Defendant willfully infringed upon Plaintiff's copyrighted Photograph in violation of Title 17 of the U.S. Code, in that they used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, the original and unique Photograph of the Plaintiff without Plaintiff's consent or authority, by using them in the infringing articles on the Website.

45. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to any an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against each Defendant in an amount up to $150,000.00 for each infringement pursuant to 17 U.S.C. § 504(c).

46. As a result of the Defendant' violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C § 505 from Defendant.

47. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

## JURY DEMAND

48. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Photograph in violation of 17 U.S.C. §501 et seq. and award damages and monetary relief as follows:

    a. finding that Defendant infringed Plaintiff's copyright interest in the Photograph by copying and displaying without a license or consent;

    b. for an award of actual damages and disgorgement of all of Defendant's

profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against each Defendant in an amount up to $150,000.00 for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

c. for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

d. for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

e. for pre judgment interest as permitted by law; and

f. for any other relief the Court deems just and proper.

DATED: June 9, 2021

**BARSHAY SANDERS, PLLC**

By: ___/s/ Craig B. Sanders___
Craig B. Sanders, Esq. (Fla Bar 0985686)
100 Garden City Plaza, Suite 500
Garden City, NY 11530
Tel: (516) 203-7600
Email: csanders@barshaysanders.com
*Attorneys for Plaintiff*
File No.: 121735